WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>v.<br><br>Viorel Pricop,<br><br>   Defendant. | No. CR-22-02747-001-TUC-JCH (EJM)<br><br>**ORDER** |

Defendant is charged with three counts of Arson of Property Used in Interstate Commerce in violation of 18 U.S.C. § 844(i). Doc. 1. Before the Court are Defendant's Motion to Suppress Search Warrant (Historical, Prospective, and GPS Data) ("Motion Re: Historical, Prospective and GPS Data") (Doc. 49) and Motion to Suppress Search Warrant (Vehicle Tracking Device) ("Motion Re: Vehicle Tracking Device") (Doc. 50). The Court heard oral argument on February 26, 2025, and took the motions under advisement. *See* Doc. 84.[1] For the following reasons, the Court will deny both motions.

**I.     Relevant Background**

This case involves a series of Swift Transport ("Swift") trailers that caught fire between June 22, 2020, and March 1, 2022. *See* Doc. 29 at 2; Doc. 53 at 6. Three of the

---

[1] The Court held a final pretrial conference on March 18, 2025. *See* Docs. 107, 108. After the Court granted the Government's Motion to Continue (Doc. 101), counsel for Defendant informed the Court that Defendant wished to represent himself and proceed with the March 24, 2025 trial date. *See* Doc. 108. The Court set a *Faretta* hearing for March 19, 2025. *See id.* Prior to the *Faretta* hearing, the Government filed a Motion for Examination Pursuant to 18 U.S.C. §4241(b) (Doc. 106). The Court granted the motion and stayed the case. *See* Doc. 109. The Court lifted the stay on June 12, 2025.

fires occurred in Arizona. *Id.* Fifteen fires occurred between June 22, 2020, and January 14, 2022. Doc. 29 at 2–4.

On January 31, 2022, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agents applied for an 18 U.S.C. § 2703(d) order ("Tower Dump Order #1) requesting tower dumps[2] for the cell towers serving the locations of fires 10 through 15. Doc. 29 at 4. According to the supporting affidavit, individual investigations into each fire found the majority were started at the rear tires or back end of the trailers, and rags, paper, or cardboard and ignitable liquid were found at several of the scenes. *See* Doc. 41-1 at 5–8.[3] The subsequent order required major cell service carriers to provide information on the subscribers who accessed the cell towers serving the locations of fires 10 through 15 for one hour around the times of the fires. *See* Doc. 41 at 2–3.

Three more fires (fires 16 through 18) occurred between February 7, 2022, and February 9, 2022. Doc. 29 at 4. On February 15, 2022, ATF agents applied for and obtained a 2703(d) order ("Tower Dump Order #2") for tower dumps for the cell towers serving the locations of fires 16 through 18 for approximately three hours around the times of the fires. Doc. 49 at 3–4. The supporting affidavit included the information on all 18 fires. *See* Doc. 41-2 at 5–9. Preliminary investigations showed fires 16 through 18 originated at the rear of the trailers, and rags or cloth material were found between the wheels of the trailers at fires 16 and 17. Doc. 41-2 at 7–8.

The 19th and 20th fires occurred on February 20, 2022. Doc. 29 at 5. On February 23, 2022, ATF agents applied for and obtained a 2703(d) order ("Tower Dump Order #3") for tower dumps for the cell towers serving the locations of fires 19 and 20 for three-and-a-half-hours around the times of the fires. Doc. 41 at 4. The supporting affidavit included the information for all 20 fires. *See* Doc. 41-3 at 5–8. Preliminary investigations showed fires 19 and 20 started near the trailers' wheels, and cloth material was found between the

---

[2] Each of the tower dump warrants authorized agents to obtain (1) the telephone number and unique identifiers for each wireless device within the vicinity of the cell tower that registered with the tower; (2) the "sector" or "face" of the tower that received the signal/ping; and (3) the date, time, and duration of the communication.
[3] All citations are to CM/ECF page numbers unless otherwise specified.

1 wheels of both trailers. Doc. 41-3 at 9–10.

2 The 21st and 22nd fires occurred on February 28, 2022, and the 23rd fire occurred on March 1, 2022. Doc. 29 at 5–6. On March 7, 2022, ATF agents applied for and obtained a 2703(d) order ("Tower Dump Order #4") for tower dumps for the cell towers serving the locations of fires 21 through 23 for two or three hours near the times of the fires. Doc. 41 at 4–5. The supporting affidavit included the information for all 23 fires. *See* Doc. 41-4 at 5–11. Preliminary investigations showed fires 21 through 23 originated at the rear of the trailers, and cloth material suspected to contain ignitable liquid was found between the wheels of the trailers. *Id.* at 10–11. Together, the cell tower dumps showed a Mobile Station Integrated Services Digital Network Number, 25696107231853085, ("Geotab device") was present near nine fires, numbers 12, 14, 16, 17, 18, 19, 20, 21, and 22. Doc. 29 at 6.

On March 23, 2022, ATF agents applied for and obtained a search warrant ("PRTT Warrant") authorizing a 30-day "pen register and trap and trace device" for the Geotab device identified by the tower dumps. Doc. 49 at 2. Agents began tracking the Geotab device on March 24, 2022, Doc. 29 at 6, and it arrived in the Central District of California on March 29, 2022. *Id.* The Geotab device was not present at a fire between March 24 and March 30, 2022, and no suspicious fires occurred during that brief period. Doc. 49 at 2. The PRTT Warrant was extended several times, and notification was extended until after the date of Defendant's arrest. Doc. 85 at 2.

On March 30, 2022, ATF agents applied for and obtained a warrant for "Historical and Prospective Cell Site and GPS Info and cell-site simulator from the Central District of California (22-MJ-00199)" ("Geotab Warrant"). Doc. 49 at 2. Like the affidavits in support of the Tower Dump Orders, the affidavit in support of the Geotab Warrant detailed the 23 fires, describing the presence of ignitable material and liquid at many of the scenes. Doc. 49 at 3. The affidavit also included the findings from the tower dumps and informed the issuing judge that ATF was monitoring the Geotab device's prospective cell-site and pen-register data pursuant to the March 23, 2022 PRTT Warrant. *See* Doc. 49-1 at 26–29. The affidavit explained that ATF had tracked the Geotab device and described its movements,

but the affidavit did not explicitly state the Geotab device had not been located near a fire since ATF began tracking it. *See id.* at 28–29.

The Geotab Warrant granted ATF prospective cell cite information and a cell-cite simulator until May 14, 2022, and delayed notification to the owner of the device for 30 days after the Warrant's expiration. Doc. 49 at 3–4. Despite having authorization to obtain historical and prospective cell-cite data, ATF used only the cell-cite simulator to help identify Defendant and his vehicle. Doc. 85 at 1. ATF identified Defendant later the same day, on March 30, 2022. *Id.* ATF subsequently received authorization to extend the notification deadline through September 10, 2022, but did not notify Defendant of the Geotab Warrant until after his arrest in October 2022. *Id.* at 2.

On March 31, 2022, ATF applied for and obtained a warrant to place a tracking device on Defendant's semi-truck ("Vehicle Tracking Warrant"). Doc. 50 at 2. The supporting affidavit included the same information as in the affidavits for the Tower Dump Orders and Geotab Warrant. *Id.* The affidavit also described the physical surveillance and March 30 identification of Defendant's truck and Defendant himself. *See* Doc. 50-1 at 17. The Vehicle Tracking Warrant allowed ATF to track the semi-truck for 45 days and delayed notification for 30 days after the warrant's expiration. *See id.*

On April 21, 2022, ATF obtained a warrant for prospective cell-site and pen register data from Defendant's cell phone. Doc. 85 at 2. This warrant and delayed notification were extended until after the date of Defendant's arrest. *Id.* The 24th and 25th fires occurred on September 14, 2022, Doc. 29 at 7, and on September 15, 2022, ATF obtained a search warrant authorizing a search of Defendant's semi-truck. Doc. 29 at 7. ATF executed the search warrant and obtained additional warrants for Defendant's residence and vehicle. *See* Doc. 29 at 7. Defendant was arrested on October 11, 2022. *See id.*

**II.    Motion Re: Historical, Prospective and GPS Data**

In his Motion Re: Historical, Prospective and GPS Data, Defendant asks the Court to "suppress all evidence obtained as a result of an illegal search of historical cell records, prospective records, GPS and the use of a cell site simulator" on Defendant's Geotab

1  device. Doc. 49 at 1. Defendant raises several arguments:

> (1) probable cause for the search warrant was lacking and founded on omitted statements and stale information; (2) recordings were not made of the affiant's swearing in nor his telephonic statements to the issuing judge as required by the Federal Rules of Criminal Procedure, Rule 41; (3) Pricop was not properly notified/served with the warrant pursuant to the terms of the Warrant; and (4) the Government's search violated Pricop's Fourth Amendment Rights.

Doc. 49 at 1.

### A. *Franks* Hearing

Defendant first argues the ATF agent who applied for the Geotab Warrant omitted material facts in his supporting affidavit because he "failed to inform the Magistrate that [ATF] did not observe the [Geotab device] in any areas related to the fires or doing anything illegal during the period in which they were tracking it under the pen register warrant." Doc. 49 at 5. Defendant asks the Court to hold a *Franks* hearing to determine if, were such information included, the affidavit would have been sufficient to satisfy probable cause. Doc. 49 at 4; *see Franks v. Delaware*, 438 U.S. 154, 156 (1978).

Courts begin with "a presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 170. A *Franks* hearing is only required when (1) a defendant makes an allegation of deliberate falsehood or reckless disregard for the truth, accompanied by an offer of proof, *and* (2) if the material that is subject to the reckless disregard is set aside, the affidavit would be insufficient to support probable cause. *Id.* at 171. If the challenger makes such a preliminary showing, a *Franks* hearing then determines whether the challenger has established by a preponderance of the evidence that (1) the false statement or omission was knowing or intentional or in reckless disregard of the truth, and (2) the information was necessary to a finding of probable cause. *Id.* at 155–56. If the challenger can establish this, the search warrant must be voided and the fruits suppressed. *Id.*

Defendant has not made a preliminary showing that a *Franks* hearing is required. First, the Court does not see an omission in the supporting affidavit. The affidavit states explicitly:

> ATF agents have been regularly monitoring prospective cell-site data and pen-register data from the Target Cellular Device pursuant to a federal search warrant and court orders I obtained in the District of New Mexico on March 23, 2022. Since that date, the location data received has indicated the device has traveled cross-country from Michigan to Arizona on numerous interstate highways. On March 29, 2022, I saw the Target Cellular Device begin traveling westbound on Interstate 10 before eventually crossing into the Central District of California from Arizona at approximately 10:49 p.m. It then left the Central District of California, traveling south to Calexico, California, on the morning of March 30, 2022. It then crossed back into the Central District of California where it now remains.

Doc. 49-1 at 28–29. The affidavit does not directly state Defendant set no fires during the six days agents were monitoring the Geotab device. But this is implied from the discussion of what the agents *did* learn from the week of tracking the Geotab device.

Even assuming there was an omission, Defendant cannot meet the standard for a *Franks* hearing. There is no evidence that the lack of an explicit statement was a reckless disregard for the truth. Defendant's only argument that the agent acted recklessly is his assertion that there is "an inference of recklessness when the omission is related to critical information for probable cause." Doc. 70 at 2. But that no fire occurred near the Geotab device for six days is not critical information for probable cause. The affidavit details the Swift semi-truck fires, almost all of which originated in a similar location on the truck and a number of which involved cardboard, cloth, or other material stuffed around the wheels or tires and the presence of ignitable fluid. Doc. 49-1 at 18–25. The target Geotab device was found to be near nine of the fires, including one that happened on March 1, 2022. *Id.* at 24, 27. The fires spanned a course of nearly two years with varying gaps between each fire. That the Geotab device was not near a fire for six days does not in any

1 meaningful way undercut the ample probable cause demonstrated by the affidavit.
2 Accordingly, a *Franks* hearing is not required.

### B.  Probable Cause and Stale Information

Defendant next argues the Geotab Warrant lacked probable cause because it "relied upon the same stale information as in the Applications for the Cell Phone Dump warrants." Doc. 49 at 5. But the "mere lapse of substantial amounts of time is not controlling in a question of staleness." *United States v. Lacy*, 119 F.3d 742, 745 (9th Cir. 1997). The information offered in support of a search warrant is not stale if there is a sufficient reason to believe, "based on continuing pattern or other good reasons," the reason for the probable cause still exists. *Id.* (internal quotations omitted).

As discussed above, the information included in the affidavit established probable cause. Though many of the fires were not yet determined to be incendiary at the time ATF applied for the Geotab Warrant, there was evidence of cloth or paper and ignitable liquid at many of the fires, and the Geotab device was found to be near nine of the fires. *See* Doc. 49 at 6. The most recent fire occurred during the same month the Government obtained the warrant, and the cell dump data showed the Geotab device to be present near that fire. *See id.* This established a "continuing pattern" that supported the finding that probable cause still existed.

### C.  Federal Rule of Criminal Procedure 41(d)

Defendant next argues that because there is no recording of the communication between the affiant and judge in support of the Geotab Warrant, ATF violated Federal Rule of Criminal Procedure 41. Rule 41 requires testimony taken in support of a warrant to be recorded. *See* Fed. R. Crim. P. 41 (d)(2)(C). Rule 4.1 allows a judge to consider information transmitted electronically when deciding whether to issue a warrant. *See* Fed. R. Crim. P. 4.1(a). If the applicant does no more than attest to the contents of a written affidavit submitted by reliable electronic means, the judge must only acknowledge the attestation in writing on the affidavit.

Fed. R. Crim. P. 4.1(b)(2)(A). However, if the judge considers additional testimony, he must "have the testimony recorded verbatim." Fed. R. Crim. P. 4.1(b)(2)(B).

Here, the affiant swore to the affidavit electronically "in accordance with the requirements of Rule 4.1." Doc. 49-1 at 34. Defendant does not contend and there is no evidence the judge considered any additional testimony. Accordingly, no recording was required.

### D. Federal Rule of Criminal Procedure 41(f)

Defendant also argues the Geotab Warrant should be suppressed because the failure to timely notify Defendant of the warrant was a fundamental violation of his rights. Under Federal Rule of Criminal Procedure 41(f)(1)(C),

> [t]he officer executing the warrant must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken . . . . For a warrant to use remote access to search electronic storage media and seize or copy electronically stored information, the officer must make reasonable efforts to serve a copy of the warrant and receipt on the person whose property was searched or who possessed the information that was seized or copied.

Under 18 U.S.C. § 3103a(b)(3), the notice required for a search warrant may be delayed if "the warrant provides for the giving of such notice within a reasonable period not to exceed 30 days after the date of its execution, or on a later date certain if the facts of the case justify a longer period of delay."

ATF failed to timely notify Defendant of the Geotab Warrant. *See* Doc. 85 at 1–2. But "only a 'fundamental' violation of Rule 41 requires automatic suppression, and a violation is 'fundamental' only where it, in effect, renders the search unconstitutional under traditional Fourth Amendment standards." *United States v. Vasser*, 648 F.2d 507, 510 (9th Cir. 1980). A non-fundamental violation of Rule 41 requires suppression only when "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule." *Id.*

The Geotab Warrant was authorized on March 30, 2022, for a period of 45 days. Doc. 85 at 1. The agents used only the cell-site simulator to "supplement physical

- 8 -

surveillance and assist in identifying the defendant and his vehicle, which occurred later that day on March 30, 2022." *Id.* ATF obtained a notice extension through September 10, 2022, *id.* at 1–2, but did not notify Defendant of this or any other warrant until after his arrest on October 11, 2022, *id.* at 2. ATF Special Agent Jonathan Smith, the primary case agent for the investigation into Defendant, attested that

> [b]ecause the Warrant was never served on AT&T and was not used to obtain the defendant's historical or prospective cell-site data or GPS information, and because SAs solely utilized the cell-site simulator, [he] was under the belief that [he] was not required to notify the defendant of the Search Warrant. [He] also did not seek an extension of the delay notification date.

*See* Doc. 118 at 3. The Court finds this statement credible.

The failure to timely notify Defendant was thus not an intentional and deliberate disregard for Rule 41. ATF did not utilize the Geotab Warrant to its full extent, and it did obtain notification extensions for warrants still in use closer to the time of Defendant's arrest. Further, because surveillance pursuant to the Geotab Warrant ended before the notice deadline and ATF was still tracking Defendant via other warrants, Defendant was not prejudiced by the delayed notification. Accordingly, suppression is not required under Rule 41.

### E. Violation of Defendant's Fourth Amendment Rights

Defendant finally argues suppression is warranted because his Fourth Amendment rights were violated. Doc. 49 at 6–7. Defendant's only support for this argument is his contention that the Geotab Warrant was "much more intrusive to his privacy than the Cell Phone Dump Warrant[s]." *Id.* at 7. As discussed above, the Geotab Warrant was justified by probable cause, and none of Defendant's other arguments establish a Fourth Amendment violation.

### III. Motion Re: Vehicle Tracking Device

Defendant repeats many of his arguments from his Motion Re: Historical, Prospective and GPS Data (Doc. 49) in his Motion Re: Vehicle Tracking Device (Doc. 50).

///

///

Specifically, Defendant asks the Court to

> suppress all evidence obtained as a result of the illegal use of a tracking device on Pricop's vehicle on the grounds that: (1) the search warrant lacked probable cause; (2) recordings were not made of the affiant's swearing in nor his telephonic statements to the issuing judge as required by the Federal Rules of Criminal Procedure, Rule 41; (3) failing to notify Pricop and serve the warrant on him violated the terms of the search warrant; and (4) the Government's tracking violated Pricop's Fourth Amendment Rights.

Doc. 50 at 1.

### A. Probable Cause and Stale Information

Defendant again argues the Vehicle Tracking Warrant application lacked probable cause and relied on stale information. The Vehicle Tracking Warrant relied on largely the same information as contained in the affidavits for the Tower Dump Orders and Geotab Warrant. Doc. 50 at 2. ATF applied for the Vehicle Tracking Warrant on March 31, 2022, and the supporting affidavit included the surveillance information from March 30, 2022. *See* Doc. 50-1 at 17–20. As discussed above, the information contained in the Geotab Warrant application established probable cause. The information from the Geotab Warrant application and the additional physical surveillance information established a continuing pattern creating probable cause for the Vehicle Tracking Warrant. That much of the information in the supporting affidavit was the same as in applications for other warrants or orders in an ongoing investigation does not make the information stale.

### B. Federal Rule of Criminal Procedure 41(d)

Defendant again argues the lack of recording of the communication between the affiant and judge in support of the Vehicle Tracking Warrant violated Federal Rule of Criminal Procedure 41(d). Doc. 50 at 3. Like the Geotab Warrant, ATF submitted the Vehicle Tracking Warrant electronically, and the affiant swore to the affidavit via telephone in compliance with Federal Rule of Civil Procedure 4.1. *See* Doc. 50-1 at 20. There is again no indication that the issuing judge relied on information outside of the application or the agent did anything other than swear to the contents of the affidavit. Accordingly, no recording was required.

///

### C. Federal Rule of Criminal Procedure 41(f)

Again like the Geotab Warrant, ATF did not notify Defendant of the Vehicle Tracking Warrant until after its notification deadline. Defendant argues this was a fundamental violation of Federal Rule of Criminal Procedure 41(f). *See* Doc. 50 at 3–4. The Vehicle Tracking Warrant expired on May 14, 2022, and the notification deadline was June 13, 2022. Doc. 64 at 3. Defendant was notified of the Vehicle Tracking Warrant upon his arrest on October 11, 2022. *Id.* The Government argues notification was not made by the deadline "because the investigation was ongoing." *Id.*

The defense argues the Government's reasoning proves the failure to timely notify Defendant was intentional and deliberate. Doc. 68 at 4. But Agent Smith attested that he did not seek an extension of the notification deadline because he "inadvertently missed the notification deadline due to the complexity of the multijurisdictional investigation and the volume of work this case was generating at the time." Doc. 118 at 4. The Court finds this statement credible. ATF had other warrants that extended beyond the Geotab Warrant's expiration and notification deadline. *See* Doc. 85 at 1–2. Specifically, ATF had separate warrants for prospective cell-site and pen register data for (1) the Geotab device and (2) Defendant's cell phone, both of which were extended several times until after the date of Defendant's arrest. *See id.* at 2. The active warrants support Agent Smith's assertion that the failure to timely notify Defendant was not intentional. There is no reason to conclude that ATF would have been denied an extension had it requested one. And as above, because ATF was still tracking Defendant via other warrants, and surveillance pursuant to the Vehicle Tracking Warrant ended before notification deadline, he was not prejudiced by the delayed notification.

### D. Violation of Defendant's Fourth Amendment Rights

Defendant again concludes by arguing the points discussed throughout his Motion Re: Vehicle Tracking Device and the invasive nature of the search establish a violation of his Fourth Amendment privacy rights. Doc. 50 at 4. There was probable cause for the Vehicle Tracking Warrant, and none of Defendant's other arguments establish a Fourth

Amendment violation.

## IV. Order

Accordingly,

**IT IS ORDERED denying** Defendant's Motion Re: Historical, Prospective and GPS Data (Doc. 49)

**IT IS FURTHER ORDERED denying** Defendant's Motion Re: Vehicle Tracking Device (Doc. 50).

Dated this 13th day of June, 2025.

John C. Hinderaker
United States District Judge