**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-22-02747-001-TUC-JCH (EJM) |
|---|---|
| Plaintiff, | **ORDER RE: OTHER FIRES** |
| v. | |
| Viorel Pricop, | |
| Defendant. | |

Before the Court is Defendant's Motion to Suppress Other Fires (Doc. 37), filed in response to the government's Notice of Intent to Introduce Other Act Evidence (Other Arsons) (Doc. 30). The government argues that the other fires are admissible because they are inextricably intertwined with the fires charged here or, alternatively, as "other acts" under Rule 404(b).[1] The Court agrees with the government on both points and will deny Defendant's Motion to Suppress. But, at trial, the Court may limit the discussion of other fires under Rule 403 to avoid unfair prejudice, wasting time, or presenting unnecessarily cumulative evidence.

## I.    Background[2]

Trial is set for August 11, 2025. Defendant is charged with three counts of arson for setting fire to three different Swift tractor trailers: two in Willcox, Arizona on

---

[1] Cited rules refer to the Federal Rules of Evidence ("FRE") unless otherwise noted.
[2] Summarized from the government's "Notice of Intent to Introduce Other Acts Evidence" (Doc. 30), Defendant's Motion to Suppress (Doc. 37), the government's "Response to Defendant's Motion to Suppress Other Fires" (Doc. 59), and the government's "Trial Brief" (Doc. 89).

February 7, 2022, and one in Holbrook, Arizona on March 1, 2022. The government alleges the three charged fires are part of a broader spree of twenty-five total fires, set at various locations across the United States between June 2020 and September 2022. However, at trial, the government will offer evidence about only the nineteen fires occurring between October 2021 and September 2022.[3]

## II.    The Other Fires Are Intrinsic Evidence.

The government argues the other fires are "intrinsic evidence" and thus fall outside the ambit of a Rule 404(b) "other acts" analysis. Doc. 30 at 12–16. "Evidence of 'other acts' is not subject to Rule 404(b) analysis if it is 'inextricably intertwined' with the charged offense." *United States v. Beckman*, 298 F.3d 788, 793 (9th Cir. 2002). "This exception applies when (1) 'particular acts of the defendant are part of . . . a single criminal transaction,' or when (2) 'other act' evidence . . . is necessary [to admit] in order to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" *Id.* at 794 (quoting *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995)).

The other fires are inextricably intertwined with the charged fires because they are part of a single criminal transaction. While each fire was a discrete event, the twenty-five fires together represent a single criminal transaction because they all involved the same victim, shared similar characteristics, and occurred during a relatively short time period. *See, e.g.*, *United States v. Serang*, 156 F.3d 910, 915–15 (9th Cir. 1998) (arson attempts from one- and two-years prior were part of the same transaction as the charged arson because the attempts involved the same parties and helped explain circumstances of the charged arson).

The other fires are also inextricably intertwined with the charged fires because they are necessary for the prosecution to provide a coherent narrative. "The jury cannot be expected to make its decision in a void—without knowledge of the time, place, and

---

[3] The government stipulated it will not present any evidence or testimony at trial for the first six fires. *See* Doc. 114 at 39:19–25. Thus, Defendant's request for an order specific to the second fire, Doc. 37 at 3:22–25, is denied as moot.

circumstances of the acts which form the basis of the charge." *Vizcarra-Martinez*, 66 F.3d at 1013 (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)). The government alleges the charged fires were the sixteenth, seventeenth, and twenty-third fires out of twenty-five total. The government had already begun investigating and connecting the other fires when the charged fires occurred. Thus, the government is allowed to discuss how it obtained evidence about the charged conduct in the context of its broader investigation. *See, e.g.*, *id.* ("it is obviously necessary in certain cases for the government to explain either the circumstances under which particular evidence was obtained or the events surrounding the commission of the crime"); *United States v. Anderson*, 741 F.3d 938, 950 (9th Cir. 2013) (evidence of other acts "explained the circumstances leading up to [the defendant's] arrest"); *United States v. Rrapi*, 175 F.3d 742, 750 (9th Cir. 1999) (other acts evidence admissible to give the "context in which the charged crime occurred"). The government is allowed to give context for its investigation and discuss how evidence from the other fires was ultimately used to identify Defendant as a suspect in the charged fires.

## III.    The Other Fires Are Admissible "Other Acts" Under Rule 404(b)(2).

The other fires are also admissible as "other acts" under Rule 404(b)(2). The other fires would be inadmissible if *solely* to show Pricop's propensity for criminal activity. *See* FRE 404(b)(1). But the government intends to use evidence from the other fires to show preparation, plan, identity, lack of accident, knowledge, and intent. Doc. 30 at 16; Doc. 59 at 8. These are all permissible uses under Rule 404(b)(2). Further, the other fires are admissible under the "doctrine of chances."

### a.  Non-propensity Purpose

The Ninth Circuit has "construed Rule 404(b) as being a rule of inclusion. Evidence of other crimes or acts is admissible under Rule 404(b) except where it tends to prove *only* criminal disposition." *United States v. Ayers*, 924 F.2d 1468, 1472–73 (9th Cir. 1991) (internal quotations and citations removed). To determine whether evidence should be admitted under Rule 404(b), the Court uses a four-part test:

"(1) sufficient evidence must exist for the jury to find that the defendant committed the other acts; (2) the other acts must be introduced to prove a material issue in the case; (3) the other acts must not be too remote in time; and (4) if admitted to prove intent, the other acts must be similar to the offense charged." *Id.* at 1473.

*Sufficient Evidence.* There is sufficient evidence that a jury could find Defendant set the other fires. *See Huddleston v. United States*, 485 U.S. 681, 685 (1988). Indeed, a jury already has for six of the fires. *See* Verdict Form, *United States v. Pricop*, 5:22-CR-257-SSS, CMECF Doc. 103 (C.D. Cal. Mar. 12, 2024).[4] And, based on the government's briefing and exhibits, there appears to be sufficient independent evidence from which a jury could find Defendant set the remaining fires. Defendant's confrontation clause and hearsay concerns are noted, and the government is expected to clear basic thresholds for admissibility by offering evidence that complies with the Federal Rules of Evidence and/or by producing investigation witnesses. *See* Doc. 59 at 9:4–22. Based on the briefing and exhibits, the government has provisionally met this burden.

*Material Issue.* The other fires are probative of several material issues. Under 18 U.S.C. § 844(i), a defendant commits arson by (1) maliciously; (2) damaging or destroying a vehicle; (3) by means of fire; and (4) the vehicle must have been "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." *United States v. Renteria*, 557 F.3d 1003, 1006–08 (9th Cir. 2009). The government intends to use evidence from the other fires to show preparation, plan, modus operandi, intent, identity, and lack of accident. These are all probative of material issues here, including the identity of the perpetrator, the "interstate commerce" nexus, and whether the charged fires were set "maliciously."

*Temporal Proximity.* The other fires are not too remote in time. The government suggests Defendant is responsible for twenty-five fires total across a 26-month period (June 2020 to September 2022). But the government intends to narrow the scope at trial to only the nineteen fires that occurred between October 2021 and September 2022.

---

[4] The government stipulates it will not discuss the fact of Defendant's conviction for these fires unless specific circumstances arise at trial. Doc. 114 at 15:8–17:1.

While regularly occurring fires across a 26-month period does not strike the Court as particularly remote, narrowing the focus to an 11-month period (which encompasses the charged fires) further strengthens the temporal proximity of the other fires.

*Similarity.* The other fires share some similar characteristics with the charged fires. All fires targeted Swift semi-truck trailers. Each occurred at a truck stop or gas station in a rural area along a major interstate highway. The fires occurred in the middle of the night after each of the trucks had been stopped for at least two hours. Many of the later fires began in the rear wheel wells or cargo doors and investigators found combustible materials and ignitable fluid.

The other fires meet all elements of the four-part test, articulated in *Ayers*, and are admissible under Rule 404(b) to show preparation, plan, identity, lack of accident, knowledge, and intent.

### b. Doctrine of Chances

The government's briefing touches on the *rarity* of stationary truck fries and the *coincidence* of Defendant's presence near the various fires. Doc. 30 at 16–17. This type of "probability-based reasoning" is admissible evidence under the doctrine of chances. *See, e.g.*, *People v. Spector*, 194 Cal. App. 4th 1335, 1377–80 (2011) (collecting cases).

"The doctrine of chances is merely one name to call a common sense observation that a string of improbable incidents is unlikely to be the result of chance." *United States v. Henthorn*, 864 F.3d 1241, 1252 n.8 (10th Cir. 2017) (cleaned up). Unlike the prohibition on inferring a defendant's guilt based on an evil character trait, the doctrine of chances allows the factfinder "to consider two otherwise independent events that, taken together, are unlikely to be coincidental." *Miller v. Baldwin*, 723 F. App'x 408, 410–11 (9th Cir. 2018) (unpublished). Here, evidence from the other fires is probative of, for example, the non-accidental nature of the charged fires and the identity of the perpetrator. Using the doctrine of chances, the factfinder would be permitted to infer, based on shared characteristics and the sheer number of occurrences, that the charged fires were set deliberately. Likewise, the factfinder could make certain inferences about the identity of

the perpetrator based on evidence that places the same individual in the vicinity of multiple fires occurring at different times across different states.

## IV.    The Danger of Unfair Prejudice Does Not Substantially Outweigh the Probative Value of the Other Fires.

Even after determining admissibility, the court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice. *See* FRE 403. While evidence of the other fires is likely to be prejudicial to Defendant, any unfair prejudice does not substantially outweigh the other fires' significant probative value. But, as the Court previously admonished, Doc. 126 at 7:23–27, finding the other fires admissible here is not a license to extensively focus on non-charged conduct at trial. The Court will limit trial evidence under Rule 403 if it finds such evidence is wasting time, confusing the issues, or becoming unnecessarily cumulative.

To further protect against unfair prejudice, the parties should include a proposed limiting instruction to direct the jury not to consider other acts evidence for any improper purpose. *See United States v. Arambula-Ruiz*, 987 F.2d 599, 604 (9th Cir. 1993).

## V.    ORDER

Accordingly,

**IT IS ORDERED denying** Defendant's Motion to Suppress Other Fires (Doc. 37).

Dated this 7th day of July, 2025.

John C. Hinderaker
United States District Judge