**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-02747-001-TUC-JCH (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Viorel Pricop, | |
| Defendant. | |

Before the Court is the Government's Motion in Limine asking the Court "to admit certain records and documents that it intends to introduce at trial" (Doc. 139). Specifically, the Government asks the Court to admit exhibits related to records received from AT&T and T-Mobile regarding a Geotab device and cell phone. *See generally* Doc. 139.[1] On August 14, 2025, the Court granted the Motion in Limine with a written order to follow. *See* Doc. 152. This is that order.

**I.    AT&T Records**

The Government first asks the Court to admit records related to four AT&T cell tower dumps authorized by a series of 2703(d) court orders and a search warrant authorizing production of historical and prospective cell location data from AT&T for the Geotab device. *See* Doc. 139 at 2. The Government does not intend to introduce the

---

[1] The Government's Motion in Limine also asks the Court to admit a recording of a 911 call associated with the March 1, 2022 fire in Holbrook, Arizona. During oral argument, defense counsel stated she did not object to the introduction of the 911 call. 8/11/25 TR at 5:24–6:6. Accordingly, the Court orally granted the Government's Motion in Limine as it pertains to the 911 call. 8/11/25 TR at 6:17–19.

records in their entirety but asks the Court to admit "the Geotab subscriber information and AT&T certificates of authentication" related to the records (Exhibit 160). Doc. 139 at 2. The Government intends to use the underlying records in a prepared summary to be introduced at trial. *Id.* at 2–3. Defendant has several arguments as to why the certifications fail to properly authenticate the underlying records: (1) the certificates "fail to identify the records being authenticated"; (2) the dates of the certifications "lack indicia of reliability that they actually reference the records in this case"; and (3) the electronic signatures do not comply with the Federal Rules of Evidence.[2] *See* Doc. 140 at 2–3.

The Court finds the certificates of authenticity in Exhibit 160 comply with Rules 902(11) and (13),[3] and the related AT&T records are self-authenticating. Under Federal Rule of Evidence 902(11), "[t]he original or a copy of a domestic record that meets the requirements of Rule 803(6) (A)–(C), as shown by a certification of the custodian or another qualified person," is self-authenticating. Under Rule 803(6) (A)–(C), evidence qualifies as a record of a regularly conducted activity if:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; [and]
>
> (C) making the record was a regular practice of that activity
>
> . . . .

In the Exhibit 160 certifications, AT&T legal compliance analysts attest under penalty of perjury that the referenced records meet each of the above requirements. *See* Doc. 139-2

---

[2] Defendant specifically argues "[t]he Certificates also contain an electronic signature which fails to comply with Rule 901." Because there is no signature requirement in Rule 901, and the arguments are related to certifications intended to comply with Rule 902, the Court will analyze Defendant's signature argument as it pertains to Rule 902.

[3] Under Rule 902(13), "[a] record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11)," is self-authenticating. Both the AT&T and T-Mobile records discussed in the Government's Motion in Limine fall under Rule 902(13).

at 3–7.

The Court is not persuaded by Defendant's objections. First, each of the certifications list a "GLDC File Number" that identifies the corresponding records. *See* Doc. 139-2. Defendant argues the certificates are unreliable because the GLDC numbers "do not correlate to the [Geotab] device or search warrants in this case" and, despite the reference to the "records attached," when the Government disclosed the certifications, no records were actually attached. *See* Doc. 140 at 3. At oral argument, the Government explained that the GLDC numbers were AT&T reference numbers used to identify each set of records. *See* 8/11/25 TR at 20–23. The Government further explained that, because it had disclosed the underlying records before getting the certifications from AT&T, it did not re-disclose the voluminous records associated with each certification. *See id.* at 20–21. After oral argument, the Government provided a supplemental trial brief showing that the previously-disclosed records were labeled with numbers corresponding to the GLDC numbers on the certificates. *See* Docs. 146-2, 146-3.

The Court is also not persuaded by Defendant's arguments regarding the validity of the dates and signatures on the certificates. Defendant argues Federal Rule of Evidence 803(6) requires that the certificates be created "at or near the time" the underlying data was created. *See* Doc. 140 at 3. Defendant provides no support for this argument, and the text of Rule 803(6) clearly requires that "*the record* was made at or near the time" (emphasis added). Rule 803(6) provides no guidelines as to when the records must be certified, and the Court will not read such a requirement into the Rule.

Further, there are no requirements in the Rules of Evidence as to how a certification must be signed, and Defendant provides no authority for the assertion that a digital signature is insufficient. The committee notes to the year 2000 Rule 803 amendments provide that "[a] declaration that satisfies 28 U.S.C. § 1746 would satisfy the declaration requirement of Rule 902(11)." Under § 1746,

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing

        of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

        . . .

        "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

        (Signature)"

Each certification contains substantially this assertion, is dated, and is signed. Like Rule 902(11), § 1746 contains no requirement of a wet signature, and the Court will not create one. *See United States v. Taylor*, 16-CR-1377-002, 2017 WL 11458484, at *1 (D. Ariz. Nov. 11, 2017) ("[Defendant's] efforts to demonstrate a lack of trustworthiness by pointing to the lack of a notarization or the fact that [the Verizon custodian's] signature is not original are unsuccessful.").

        Under Rule 803(6), evidence is not excluded by the rule against hearsay so long as a valid certification shows it meets the conditions outlined above, and "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6)(E). It is up to the Court's discretion to determine whether the circumstances surrounding a document indicate untrustworthiness. *SEC v. Jasper*, 678 F.3d 1116, 1123 (9th Cir. 2012). Defendant is not arguing the records are fraudulent, and he has no basis to do so. Each AT&T certificate follows the same format and contains a phone number to contact the compliance team. *See* Doc. 139-2. The certificates signed on the same day are signed by the same person. *See id.* The certificate pertaining to the GLDC File Number 3411753.001, the historical and prospective Geotab location information, has been disclosed for months. *See* Doc. 146-2. The Court is satisfied that the records referenced in the certifications are the records the Government purports them to be. Accordingly, Exhibit 160 is admitted as

a self-authenticating business record excepted from the rule against hearsay.[4]

## II. T-Mobile Records

The Government also asks the Court to admit records related to several search warrants for the production of historical and prospective cell location data for Defendant's T-Mobile cell phone number. *See* Doc. 139 at 4–5. The Government does not intend to introduce the underlying data at trial but asks the Court to admit Exhibit 161, "the cell phone subscriber information and T-Mobile certificates of authentication." *Id.* The Government intends to use the underlying data in a prepared summary to be introduced at trial. Defendant again has several arguments that the T-Mobile records have not been properly authenticated and are inadmissible hearsay. *See* Doc. 140 at 3–4. Primarily, Defendant argues the certifications are not reliable because they reference records "attached hereto" but no records were attached, and the certifications are dated months after the records were provided to the Government. *Id.* at 4.

In the Exhibit 161 T-Mobile certifications, the affiants attest that they are custodians of the records qualified to make the declarations and the records meet the requirements of Rule 803(6)(A)–(C). Like the AT&T records, the Court finds these certificates of authenticity comply with Rule 902(11) and (13), and the related T-Mobile records are self-authenticating business records.

The Court is again not persuaded by Defendant's arguments to the contrary. The certificates refer to "records described below and attached hereto." *See* Doc. 139-3 at 3–4. Defendant agrees that the identifier listed on each certificate matches Defendant's

---

[4] Though not included in Defendant's Response to the Motion in Limine, at oral argument, Defendant argued that the certifications were not timely disclosed as required by Rule 902(11). *See, e.g.*, 8/15/25 TR at 25:15–19; *see also* Fed. R. Evid. 902(11) ("Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them."). The Government produced the underlying AT&T records in December 2024, *see* Doc. 146-1, and the certification related to the historical records in March 2025. *See* Doc. 146 at 2. It did not disclose the certifications related to the tower dumps until the week before trial. Still, the Court finds that defense counsel had an adequate opportunity to challenge the records, and did so. *See United States v. Bundy*, 2:16-CR-46, 2017 WL 523009, at *2 (D. Nev. Feb. 8, 2017) (finding two weeks before trial to be reasonable notice); *United States v. Daniels*, 723 F.3d 562, 581 (5th Cir. 2013) (finding five days' notice sufficient under Rule 902(11)).

cell number. *See* Doc. 140 at 3. As explained above, where the certification meets the requirements of Rule 803(6) and clearly identifies the records to which it refers, it is of no significance that the certification was issued after the records were made or after they were initially provided to the Government.[5]

Defendant correctly argues that the certifications cover only historical cell location data from June 22, 2022, through April 30, 2022, and "timing advance" records from September 12, 2022, through September 15, 2022. *See* Doc. 140 at 4. At oral argument, the Government explained that the summary charts it planned to introduce at trial relied only on the historical data within those timeframes, and that it would be authenticating any prospective cell site data through agent testimony. As above, the Court has discretion to decide whether purported evidence is trustworthy, and there is no reason to doubt the authenticity or veracity of the T-Mobile records. The Court determines the T-Mobile certifications and accompanying records are trustworthy. Accordingly, Exhibit 161 is admitted, and the Court finds the historical cell location and timing advanced records from the dates specified above to be self-authenticated business records excepted from the rule against hearsay.

### III.     Confrontation Clause

Defendant argues generally that "a certification does not trump a defendant's rights to confront the witnesses against him as guaranteed by the Constitution." Doc. 140 at 2. Defendant is correct that the Sixth Amended "prohibits the introduction of testimonial statements by a non-testifying witness, unless the witness is unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Ohio v. Clark*, 576 U.S. 237, 243 (2015) (internal citation and quotation omitted). A statement is testimonial "when it was made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *United States v. Torralba-Mendia*, 784 F.3d 652, 665 (9th Cir. 2015) (internal

---

[5] The Government's Supplemental Trial Proof shows the T-Mobile certifications and underlying records were disclosed in December 2024. *See* Doc. 146 at 2; Doc. 146-4. Accordingly, there is no timely disclosure issue.

1  citation and quotation omitted).

2  Both the AT&T and T-Mobile records at issue are non-testimonial business
3  records that do not implicate the Confrontation Clause. First, as established above, the
4  records qualify as business records under Federal Rule of Evidence 803(6). Each
5  certification establishes the corresponding records were made at or near the time of the
6  event, the records were kept in the course of a regularly conducted activity, and making
7  the records was a regular practice of that activity. Defendant has not shown the records
8  lack trustworthiness. Business records are, by their nature, non-testimonial.
9  *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (finding business records
10 are "created for the administration of an entity's affairs and not for the purpose of
11 establishing or proving some fact at trial—they are not testimonial"); *Crawford v.*
12 *Washington*, 541 U.S. 36, 56 (2004) ("Most of the hearsay exceptions covered statements
13 that by their nature were not testimonial—for example, business records or statements in
14 furtherance of a conspiracy."). Numerous Courts have concluded that cell phone records
15 specifically are non-testimonial. *See United States v. Yeley-Davis*, 632 F.3d 673, 679
16 (10th Cir. 2011) (finding that Verizon records compiled in an exhibit for trial were not
17 created for litigation and instead were "were kept for Verizon's business purposes");
18 *United States v. Hill*, 63 F.4th 335, 359 (5th Cir. 2023) (finding cell phone extraction
19 reports were "non-testimonial, raw machine created data"). The raw cell site location data
20 here is non-testimonial and does not violate the Confrontation Clause.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

IV. Order

Accordingly,

**IT IS ORDERED granting** the Government's Motion in Limine consistent with the reasoning above. Exhibits 160 and 161 are admitted, and the underlying AT&T and T-Mobile records are authenticated.

Dated this 19th day of August, 2025.

_____
John C. Hinderaker
United States District Judge